Filed 9/3/24  Smith v. Guillosson CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GREGORY EDWARD SMITH,<br><br>        Plaintiff, Cross-defendant and Respondent,<br><br>        v.<br><br>JEAN-CLAUDE GUILLOSSON et al.,<br><br>        Defendants, Cross-complainants and Appellants. | B327837<br><br>(Los Angeles County Super. Ct. No. 19STCV33506) |

        APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

        Jean-Claude Guillosson and Maureen Mansfield-Guillosson, in pro. per., for Defendants, Cross-complainants and Appellants.

Gavrilov & Brooks, Bradley E. Jewett and Michael Coleman for Plaintiff, Cross-defendant and Respondent.

_____

Appellants Jean-Claude Guillosson and Maureen Mansfield-Guillosson (the Guillossons) appeal from the trial court's denial of their motion to compel respondent Gregory Edward Smith (Smith) to execute an acknowledgment of partial satisfaction of the judgment.  We affirm.

## BACKGROUND

I. *The Underlying Litigation and Judgment*

Smith and the Guillossons owned adjacent residential properties in the Hollywood Hills, which we refer to respectively as the Smith property and the Guillosson property.  A dispute arose regarding the use of two easements—one benefitting the Smith property (the patio easement) and another benefitting the Guillosson property (the walkway easement).  Smith sued the Guillossons, and the Guillossons filed a cross-action against Smith.  The case proceeded to a bench trial, where Smith prevailed on each of his claims and the cross-claims against him.  In October 2021, the trial court entered judgment in Smith's favor.

The judgment awarded Smith a total of $126,500 in compensatory damages, comprised of:  (1) $15,000 for the diminution in value to the Smith property and the related loss of use and enjoyment of the patio easement; (2) $8,000 for obtaining and recording an updated property survey and staking the boundaries of the patio easement; (3) $1,500 for the cost of

rebricking the patio area; (4) $1,000 for Smith's pain and suffering; (5) $100,000 for the expense of removing the Guillossons' encroachments from the Smith property, including a gate, retaining wall, and concrete walkway; and (6) $1,000 for fines Smith paid due to the Guillossons' encroachments.

The judgment also provided injunctive relief. As relevant here, it permitted (1) "Smith to rebrick the land subject to the [p]atio [e]asement"; and (2) "Smith and any contractor, agent and/or representative working on Smith's behalf to enter the Guillosson [p]roperty for the purpose of removing the [e]ncroachments from the Smith [p]roperty . . . ."

The Guillossons did not appeal from the judgment, which became final.[1]

II. *Sale of the Smith Property; Partial Assignment of Rights*

On April 6, 2022, Smith sold his property to Casa For You, LLC (Casa For You) for $1,010,000. Smith subsequently assigned "the non-compensatory land use rights set forth in the . . . judgment" (bolding omitted) to Casa For You, including the provision of injunctive relief. Smith "retain[ed] all rights to [the] compensatory damages" set forth in the judgment. On June 8, 2022, the Guillossons filed an objection to Smith's partial assignment of rights to Casa For You.

III. *Motion for Acknowledgement of Partial Satisfaction of the Judgment*

On August 2, 2022, the Guillossons filed a postjudgment motion for acknowledgment of partial satisfaction of the

---

[1] Smith appealed from a postjudgment order denying his motion for attorney fees. We affirmed. (*Smith v. Guillosson* (Jan. 30, 2024, B322717) [nonpub. opn.].)

3

judgment under Code of Civil Procedure section 724.110 et seq.[2] Specifically, the Guillossons sought an order "(1) compelling Smith . . . to acknowledge that the [j]udgment in its order to pay $101,500.00 to Smith for costs for future remediation is satisfied in that Smith has sold his property without performing the remediation work . . . ; (2) directing the clerk . . . to enter a partial satisfaction of the judgment in the amount of $101,500.00; [and] (3) requiring Smith to pay to the Guillossons their attorney fees in the amount of $8,940.00 for bringing th[e] [m]otion pursuant to . . . [s]ection 724.260."

The Guillossons argued that, because Smith had sold his property, he no longer had the "capacity . . . to perform remediation work as provided in the [j]udgment . . . or to receive payment from the Guillossons for such work." The Guillossons contended that $101,500 of the compensatory damages "was specifically and expressly provided for future remediation"— $100,000 for removing the encroachments onto the Smith property and $1,500 for rebricking the patio.

Smith opposed the motion. In an accompanying declaration, Smith averred: "Based on my research and understanding of the Los Angeles residential real estate market and my understanding of the value of the [Smith property] as the (now former) owner thereof, I understand that the sale price of the [Smith property] was hundreds of thousands of dollars below the market price for comparable properties. . . . This reduced sale price was based in large part on the encroachments the Guillossons built on and refused to remove from the [Smith property]. My understanding from [Casa For You] is that [Casa

---

[2]     All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

For You] purchased the [Smith property] at a below market price knowing that [Casa For You] would have to bear the financial burden of removing the [e]ncroachments."

IV. *Trial Court's Order*

After entertaining oral argument, the trial court denied the Guillossons' motion on January 13, 2023. The court's minute order stated: "The [c]ourt cannot discern that there would be a windfall profit. Logically, the sales price of the [Smith] property was diminished due to conveying it without the improvements, and with the burden of the buyer taking on that expense."

V. *Appeal*

The Guillossons filed a timely notice of appeal from the order denying their motion for acknowledgment of partial satisfaction of the judgment.

**DISCUSSION**

I. *Justiciability*

As an initial matter, we address the justiciability of the Guillossons' appeal. Smith contends that we "must dismiss this [a]ppeal as untimely" because it is a belated attack on the long-final judgment.[3]

We certainly agree that the judgment is now final and, therefore, not subject to collateral attack. (*Summit Media LLC v. City of Los Angeles* (2012) 211 Cal.App.4th 921, 932 (*Summit Media*) ["a litigant 'may not collaterally attack a final judgment for nonjurisdictional errors[]'"].) But, here, the Guillossons are not purporting to attack the judgment itself. Rather, they have appealed from the postjudgment order denying their motion for acknowledgment of partial satisfaction of the judgment. We have

---

[3]     Smith raises this argument in his respondent's brief; he did not file a separate motion to dismiss the appeal.

5

jurisdiction to entertain such an appeal. (See § 904.1, subd. (a)(2) [an appeal may be taken from an order made after an appealable judgment]; cf. *Horath v. Hess* (2014) 225 Cal.App.4th 456, 462 ["Postjudgment orders granting or denying section 724.050 motions [for acknowledgment of satisfaction of judgment] are appealable"].)

II. *Relevant Law*

A judgment debtor "may serve on the judgment creditor a demand in writing that the judgment creditor execute, acknowledge, and deliver an acknowledgment of partial satisfaction of judgment . . . ." (§ 724.110, subd. (a).) If the judgment creditor does not timely comply with the demand, the judgment debtor may move the trial court for an order requiring compliance. (§ 724.110, subd. (b).) "If the court determines that the judgment has been partially satisfied and that the judgment creditor has not complied with the demand, the court shall make an order determining the amount of the partial satisfaction and may make an order requiring the judgment creditor to comply with the demand." (*Ibid.*)

III. *Standards of Review*

We review the denial of a motion for acknowledgement of partial satisfaction of a judgment for an abuse of discretion. (See *Jhaveri v. Teitelbaum* (2009) 176 Cal.App.4th 740, 749 ["A trial court's decision to apply a credit in partial satisfaction of the judgment is an exercise of the court's equitable discretion"].) "An abuse of discretion occurs when, in light of applicable law and considering all relevant circumstances, the court's ruling exceeds the bounds of reason. [Citations.]" (*Ibid.*)

This appeal also requires us to construe the terms of the judgment. We do so de novo. (See *Dow v. Lassen Irrigation Co.*

6

(2022) 79 Cal.App.5th 308, 326 ["The interpretation of a judgment . . . is a question of law subject to a court's de novo review"].)

IV. *The Trial Court Properly Denied the Guillossons' Motion*

The judgment awarded Smith a total of $126,500 in compensatory damages. The record, however, does not reflect that the Guillossons had paid *any* amount to Smith as of the filing of their motion for acknowledgment of partial satisfaction of the judgment. The Guillossons do not dispute this. Rather, they contend that Smith failed to comply with a "condition precedent" to receive $101,500 of the judgment—that is, to perform the remediation work of removing the encroachments onto the Smith property ($100,000) and rebricking the patio ($1,500). Accordingly, they argue, they are entitled to an $101,500 "offset" against the judgment.

The Guillossons misinterpret the judgment. The judgment provides compensatory damages to Smith "for the cost of re[]bricking the patio area" and "for the expense of removing the Guillossons' encroachments from the Smith [p]roperty," as well as "an injunction permitting Smith to rebrick the land subject to the [p]atio [e]asement]" and "an injunction permitting Smith . . . to enter the Guillosson [p]roperty for the purpose of removing the [e]ncroachments . . . ." While permitting Smith to undertake the remediation work, the plain language of the judgment does not require him to do so and does not condition receipt of compensatory damages on the completion of such work. The compensatory damages at issue were simply *measured* by the estimated costs of remediation. The judgment contains no condition precedent to Smith's entitlement to those damages. (See Black's Law Dict. (9th ed. 2009) p. 334, col. 1 [defining

7

"condition precedent" as "[a]n act or event, other than a lapse of time, that must exist or occur before a duty to perform something promised arises"].)

As the premise of the Guillossons' motion is fundamentally flawed, the trial court did not abuse its discretion in denying it. Nevertheless, urging reversal, the Guillossons raise various challenges to the trial court's order. All lack merit.

First, the Guillossons take issue with the trial court's reasoning that, "[l]ogically, the sales price of the [Smith] property was diminished due to conveying it without the improvements, and with the burden of the buyer taking on that expense." It is axiomatic, however, that we "'review the trial court's order, not its reasoning, and affirm an order if it is correct on any theory apparent from the record.' [Citation.]" (*City of Claremont v. Kruse* (2009) 177 Cal.App.4th 1153, 1164, fn. 3.) In any event, we find nothing unreasonable about the court's statement, which merely explains the rationale for measuring damages based on estimated costs of remediation. (See *Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 431 [rejecting contention that a "plaintiff may not recover the reasonable cost of making repairs to the premises without actually making the repairs and incurring the attendant expense"].)

Second, the Guillossons fault the trial court with disregarding declarations filed in support of their motion. In the absence of evidence to the contrary, we assume that the court followed the law and considered all admissible evidence. (Evid. Code, § 664.) That the court did not rule in the Guillossons' favor does not mean that it failed to consider or give any weight to their evidence.

Third, the Guillossons assert that the trial court lacked jurisdiction to redetermine the amount of damages awarded in the judgment, which had become final. This argument is irrelevant because the court's order did not alter the judgment in any manner.

Finally, the Guillossons argue that the trial court's order unfairly exposes them "to a permanent cloud on the land title" and the potential for the new owners of the Smith property to seek damages from them. To the extent that this is a challenge to the judgment itself, it is untimely and improper. (See *Summit Media*, *supra*, 211 Cal.App.4th at p. 932.) It is also entirely speculative and does not meet the Guillossons' burden to affirmatively demonstrate error on appeal. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

**DISPOSITION**

The order denying the motion for acknowledgment of partial satisfaction of the judgment is affirmed. Smith is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

9